# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGÉLICA M. GONZÁLEZ BERRIOS,<br><br>**Plaintiff,**<br><br>v.<br><br>MENNONITE GENERAL HOSPITAL, INC., et al.,<br><br>**Defendants** | **CIVIL NO.** 18-1146 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Plaintiff Angélica González-Berrios' *Motion Requesting Relief from Protective Order and For Leave to Forego Fed. R. Civ. 30 Deposition*. (Docket No. 92). This *Motion* was filed only two (2) hours after the Court issued an eighteen-page Opinion and Order granting Mennonite General Hospital, Inc. a protective order barring the deposition of its Chief Executive Officer ("CEO"). (Docket No. 91). Despite granting the protective order, this Court explicitly left the door open for relief from said Order if a deposition of the Hospital under Fed. R. Civ. P. 30(b)(6) leads to evidence which shows that the CEO possesses unique, first-hand information that is relevant to Plaintiff's claims or the Hospital's defenses. (Docket No. 91 at 17-18). Plaintiff's *Motion Requesting Relief* at Docket No. 92 is **DENIED** for the following reasons.

<u>First</u>, and contrary to Plaintiff's assertion, the Court **did** rule upon her *Motion Requesting In-Camera Review* at Docket No. 77. The Court's Opinion & Order <u>denied</u> Plaintiff's request for *in-camera* inspection because it rested on a conclusory assertion of attorney work-product. (Docket 91 at 1, 13 and 17).

<u>Second</u>, the Court's Opinion and Order has not forced Plaintiff to reveal protected attorney-work product, whether in the form of two (2) videos or "purported confidential litigation strategy". As defined by Fed. R. Civ. P. 26 (b)(3), work product consists of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." The Court's Opinion and Order does not require production of any such documents or tangible objects. Seeking that the Court depart from the course set by its Opinion and Order, Plaintiff submitted hyperlinks to two videos. None of those videos was prepared by Plaintiff's legal counsel in anticipation of litigation. *See* Fed. R. Civ. P. 26 (b)(3). Thus, they are not her attorneys' work-product.

Plaintiff protests that the Opinion and Order has "forced" her to disclose confidential litigation and deposition strategy. (Docket No. 92 ¶¶ 3, 5, 12, 13). That is not the case. As the First Circuit noted, "not every item that may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal

theories is protected as opinion work product." In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1015 (1st Cir. 1998) (discussing the work-product doctrine and upholding order that required the parties to disclose in advance documents to be used at depositions). Moreover, a useful line of demarcation is whether the lawyer has a justifiable expectation that the materials will remain private:

> **We begin with an abecedarian verity: not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product. Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule.** See Sporck v. Peil, 759 F.2d at 319 (Seitz, J., dissenting) ("[e]very act by a litigant or his attorney gives rise to ... vague inferences" as to strategy and counsel's thought processes). Whatever heightened protection may be conferred upon opinion work product, that level of protection is not triggered unless disclosure creates a real, nonspeculative danger of revealing the lawyer's thoughts. See Gould, Inc. v. Mitsui Mining & Smelting Co., 825 F.2d 676, 680 (2d Cir.1987); Research Institute for Medicine and Chemistry, Inc. v. Wisconsin Alumni Research Foundation, 114 F.R.D. 672, 680 (W.D.Wis.1987). **There is, moreover, a second line of demarcation. Some materials do not merit heightened protection because, despite the revelations they contain as to an attorney's thought processes, the lawyer has had no justifiable expectation that the mental impressions revealed by the materials will remain private.** Id. at 1015-1016. (emphasis added).

Assuming *arguendo* that stating that she wishes to depose the CEO regarding two videos constituted a disclosure of "work product," no heightened protection was merited as the videos would have been disclosed at the deposition. *See* In re San Juan Dupont Plaza Hotel Fire Litigation, *supra*.

Likewise, if preparing a list of topics and taking the Hospital's Fed. R. Civ. P. 30(b)(6) deposition provides some insight into the areas that Plaintiff wishes to probe at an eventual deposition of the Hospital's CEO, that is simply part of the normal operation of said rule and of the apex deposition doctrine. As the First Circuit has explained:

> **The rules do not compel the disclosure of matters which would likely remain inviolate in the bosom of the lodge; they merely accelerate disclosure of matters that would probably be revealed in due course. As to materials of the latter ilk, the attorney—though he has invested his ratiocinatory capital— has a relatively low expectation of ultimate privacy;** indeed, precisely the reverse is often true. When framing, say, a response to a contention interrogatory, the lawyer—far from anticipating that the inferences gleanable from his preparation will remain the darkest of secrets—knows that the inferences will become common knowledge among those connected with the litigation. In real-world terms, the better the lawyer, the more he is likely to seek, whether or not *sotto voce,* to raise and advance his theory of the case through the answer.

In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d at 1016 (emphasis added).

Third, Plaintiffs' Motion makes no effort to **tie either video to the law controlling her claims or the Hospital's defenses** to meet the burden of showing that deposing the CEO is relevant and proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Moreover, Plaintiff submitted hyperlinks to the videos which are in Spanish, without providing a certified translation of their content or requesting leave and an extension of time to file

such a translation, thus failing to comply Local Rule 5(g). Accordingly, the Court will not consider the content of the videos.

Fourth, Plaintiff's *Motion* contains rhetoric claiming infringement of her due process rights, forced disclosure of confidential litigation strategy and unfairness, but **no legal citations and supporting authorities**. Local Civil Rule 7(a) requires that motions include citations and supporting authorities, specifically stating that:

> All matters submitted to the Court for consideration shall be presented by written motion filed with the clerk incorporating a memorandum of law, **including citations and supporting authorities**. Affidavits and other documents setting forth the facts on which the motion is based shall be filed with the motion. (emphasis added).

Neither Plaintiff's *Motion for In Camera Inspection* nor her *Motion Requesting Relief from Protective Order and For Leave to Forego Fed. R. Civ. 30 Deposition* comply with Local Rule 7(a).

Lastly, the Court is reminded of the following maxim: "act in haste to repent at leisure." While Plaintiff's *Motion* promptly repudiated the opportunity to take the Hospital's 30(b)(6) deposition, that option remains on the table should Plaintiff wish to exercise it before **October 15, 2019.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 1st day of October 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge