# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ANGÉLICA M. GONZÁLEZ BERRIOS,

**Plaintiff**,

v.

MENNONITE GENERAL HOSPITAL, INC., et al.,

**Defendants**

CIVIL NO. 18-1146 (RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is co-defendant Mennonite General Hospital, Inc.'s ("Defendant" or "the Hospital") *Motion Requesting Stay and/or Abstention of Supplemental Jurisdiction Claims*. (Docket No. 55). Essentially, Defendant requests that this Court abstain from considering the medical malpractice claims against the Hospital pursuant to the Colorado River abstention doctrine because Plaintiff Angélica González-Berrios is currently litigating identical claims and allegations in a pending state court claim. Id. ¶ 11.

In response, Plaintiff filed an *Opposition to Motion to Stay Filed at Docket No. 55*. (Docket No. 56). Plaintiff contends that the request is untimely and that none of the Colorado River factors are met. Id. at 1, 11. Moreover, while Plaintiff concedes that she is litigating medical malpractice claims against the Hospital's

physicians in state court, she asserts that only her mother, **who is not a party in the present case**, filed claims against the Hospital in state court. Id. ¶¶ 4-7.

It is well established that the existence of a pending, parallel action "in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." McClellan v. Carland, 217 U.S. 268, 282 (1910). *See e.g.* Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 14 (1st Cir. 2013) (holding that parallel litigation in state court is not uncommon and will not in and of itself merit a stay in federal court); Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 27 (1st Cir. 2010)(citation omitted) ("Concurrent federal-state jurisdiction over the same controversy does not generally lessen the federal courts' 'virtually unflagging obligation ... to exercise the jurisdiction given them.'")

However, as an exception to this rule, in Colorado River Water Conservation District v. U.S., the United States Supreme Court established that in **exceptional cases**, "the pendency of a similar action in state court may merit federal abstention based on 'considerations of wise judicial administration' that counsel against duplicative lawsuits." Jimenez v. Rodriguez-Pagan, 597 F.3d at 27 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). Regarding Colorado River,

the First Circuit has cautioned that "[o]f all the abstention doctrines, it is to be approached with the most caution."

When determining if the Colorado River abstention doctrine applies to a case, courts must conduct the "exceptional-circumstances test". *See* Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16 (1983). Said test asks that a Court entertaining the case consider the following eight (8) factors:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

Rio Grande Cmty. Health Ctr. v. Rullan, 397 F.3d 56, 71-72 (1st Cir. 2005). It is worth noting that "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colo. River, 424 U.S. at 818–19.

Of these factors, the Hospital only highlights two (2) as support for abstention. First, Defendant contends that because Plaintiff's medical malpractice claims are governed by state law, "there is no reason to conclude that the state forum would not adequately protect the interests of the parties in this case."

(Docket No. 55 at 8). Second, Defendant argues that abstention would help avoid piecemeal litigation. Id. Neither of these factors amount to **exceptional conditions** that warrant abstention pursuant to Colorado River. Specifically, the First Circuit has held that the adequacy of the state forum "does not militate in favor of abstention" and is only relevant or important "when it disfavors abstention". United States v. Fairway Capital Corp., 483 F.3d 34, 43 (1st Cir. 2007). Additionally, Defendants are aware that it is Plaintiff's mother, not Plaintiff herself, who has claims against the Hospital in state court. (Docket No. 55 ¶ 4(c)). Therefore, there is no risk of piecemeal litigation with regards to Plaintiff's claims against the Hospital.

Although they were not raised by Defendant, a careful analysis of the remaining six (6) factors of the exceptional-circumstances test also shows that this is not a special case in which the limited conditions of the Colorado River abstention doctrine are met.

In closing, it bears mentioning that in EMTALA lawsuits, such as this one, where the federal court has supplemental jurisdiction over state medical malpractice claims, other judges in this District have repeatedly declined to abstain from said state law claims despite the existence of an analogous malpractice suit pending in state court. *See* Martinez-Rosado v. Instituto Medico Del Norte, 145 F. Supp. 2d 164, 169-170 (D.P.R. 2001) (holding

that a federal suit containing EMTALA and malpractice claims and a state medical malpractice suit are not parallel proceedings because they "do not allege substantially similar claims."); *see also* Morales-Ramos v. Hosp. Episcopal San Lucas Guayama, Inc., 261 F. Supp. 3d 122, 135-137 (D.P.R. 2016).

In light of the above Defendant's *Motion Requesting Stay and/or Abstention of Supplemental Jurisdiction Claims* at Docket No. 55 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 11th day of December 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge