**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANGELICA M. GONZALEZ BERRIOS<br><br>PLAINTIFF<br><br>V.<br><br>MENNONITE GENERAL HOSPITAL, INC.; ET. AL.<br><br>DEFENDANTS<br><br>_____<br><br>MENNONITE GENERAL HOSPITAL, INC.; ET. AL.<br><br>THIRD PARTY PLAINTIFF<br><br>V.<br><br>TRIPLE S PROPIEDAD, INC.<br><br>THIRD PARTY DEFENDANT | CIVIL NO.: 18-01146 (RAM) |

**OPPOSITION TO** *MOTION IN LIMINE TO INCLUDE AND EXCLUDE EVIDENCE IN TRIAL (DOCKET #123) AND THE SUPPLEMENTAL IN LIMINE REQUEST (DOCKET #124)*

**TO THE HONORABLE COURT:**

**COMES NOW**, Mennonite General Hospital, Inc. (hereinafter MGH) and Medical Protective (MedPro), through its undersigned attorney, and very respectfully **STATES, ALLEGES and PRAYS**:

**INTRODUCTION:**

Plaintiff presented a *Motion in Limine to Include and Exclude Evidence at Trial (Docket #122)* in order to **_include_** the use of three videos posted in YouTube in trial. Likewise, they request use of the video depositions taken in the case.  Plaintiff presents her arguments indicating that the videos and video depositions constitute admissible evidence under *Fed. R. Evid. 401 and 402*, and that the videos constitute opposing party statements admissible under *Fed. R. Evid. 801(d)(2)(B)-(D)*.  We present our opposition to plaintiff's request as follows.

**FEDERAL RULES OF EVIDENCE:**

The admissibility of evidence at trial is governed by the Federal Rules of Evidence. *Federal Rule of Evidence 402* provides that all relevant evidence is admissible except as otherwise provided by the United States Constitution, federal statute, these rules or other rules prescribed by the Supreme Court rule. *"Irrelevant evidence is not admissible." Fed. R. Evid. 402.*

*Federal Rule of Evidence 401* defines relevant evidence as that which "*has any **tendency to make a fact more or less probable** than it would be without the evidence,*" so long as "*the fact is **of consequence** in determining the action." Fed. R. Evid. 401.*

*Rule 403* permits the exclusion of relevant evidence, "*if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, …wasting time or needlessly presenting cumulative evidence."* Fed. R. Evid. 403.  A trial court should not exclude relevant evidence unless its probative value is substantially outweighed by the danger of unfair prejudice. <u>Torres-Rivera v. Centro Médico Del Turabo Inc.</u>, 2016 U.S. Dist. LEXIS 145129, 215 F. Supp. 3d 202 (1980).  The case

Rubert-Torres ex rel. Cintron-Rupert v. Hospital San Pablo, Inc., 205 F.3d 472, 2000 U.S. App. LEXIS 3389 indicates that *"When proffered evidence relates to the **central issue in a case**, it is a difficult matter indeed to show that the prejudicial effect of that evidence substantially outweighs its highly probative nature, as Rule 403 requires. See Espeaignnette, 43 F.3d at 8-9; Swajian v. General Motors Corp., 916 F.2d 31, 34-35 (1st Cir. 1990)."*

In our review of cases in this jurisdiction, we found that exclusion of evidence has been discussed in the terms of the Court excluding expert witnesses from testifying in trial (for examples, see Wetherell v. Hosp. Interamericano De Medicina Avanzada, Inc., 2009 U.S. Dist. LEXIS 17394, 2009 WL 564200); excluding police and autopsy report, see Ares-Pérez v. Caribe Physicians Plaza Corp., 261 F. Supp. 3d 265, 2017 U.S. Dist. LEXIS 149110). With regards to videos, civil cases usually involve requests to exclude "Day in the Life" videos (see Díaz-Casillas v. Doctors' Ctr. Hosp., 342 F. Supp. 3d 218, 2018 U.S. Dist. LEXIS 182912). We found no similar cases regarding videos or educational videos as the ones in dispute in this case.[1]

Plaintiff also indicates that the video depositions constitute an *"opposing party statement admissible under cites Rule 801(d)(2)(B)-(D)."* Said rule of evidence states the following:

> **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
>
> **(2) *An Opposing Party's Statement*.** The statement is offered against an opposing party and:
>
> **(A)** …
>
> **(B)** is one the party manifested that it adopted or believed to be true;

---

[1] Plaintiff has not cited any controlling 1st Circuit case law, nor similar cases.

**(C)** was made by a person whom the party authorized to make a statement on the subject;

**(D)** was made by the party's agent or employee on a matter within the scope of that relationship and while it existed;…

**(E)…**

The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D);…

## A.  AUTHENTICATION OF THE YOUTUBE VIDEOS

Plaintiff requests an inclusionary in limine relief regarding, as identified in her motion, the "emergency room" video, the "Living the Mennonite Experience" video and the "zero error policy" video.

For authentication, *Fed. R. Evid. 901(a)* requires evidence "*sufficient to support a finding that the item is what the proponent claims it is.*"  After various motions and discussions between the parties, MGH authenticated the YouTube videos.[2] Notwithstanding, MGH understands that said videos are not admissible as they are not relevant to this specific case.

Authenticity and admissibility, though often closely related, are separate inquiries. The mere fact that a document is authentic does not necessarily mean that it is admissible in evidence. *See* United States v. De Jongh, 937 F.2d 1, 5 n.7 (1st Cir. 1991).  In our particular case, we understand the same applies to the videos.  MGH has stated that the videos

---

[2] https://www.youtube.com/watch?v=0spDMkg2ICE&t=4s
https://www.youtube.com/watch?v=mHTxdkA2CWE
https://www.youtube.com/watch?v=_igY5ZqOnSI

are educational videos for employees within the Sistema de Salud Menonita (please see *MGH's Response to Request for Admissions*, Exhibit II, Docket #123-2).  We firmly disagree with plaintiff's mention that said videos are "*addressed at the patients who visit the emergency rooms of the Mennonite Health System*."  All in all, the content of the videos simply has no relation or bearing on the present case.

It should be noted that throughout discovery, the only mention or discussion of the videos has been through plaintiff's discovery requests through interrogatories and the Request for Production of Documents.  The plaintiff nor her witnesses have discussed or mentioned said videos.  Thus, permitting the use of the videos would merely serve to inflame the emotions of the jury, more so when their use is insufficient to prove any alleged EMTALA violations or negligent actions or omissions that must be proven through medical experts, and which plaintiff has announced that she will use in trial.  Since plaintiff can very well provide relevant information through other witnesses without the presentation of the videos, we find that the videos lack any probative value, and permitting their use would definitely be an unfair prejudice under *Fed R. Evid. 403.*

Video evidence "*must be judged under its own particular facts taking into account the specific purposes for which this type of evidence is submitted*." Szeliga v. Gen. Motors Corp., 728 F.2d 566, 567 (1st Cir. 1984).  Broad discretion is vested in the trial judge to determine whether the risk of unfair prejudice substantially outweighs the probative value of the proffered evidence.  See United States v. Barletta, 652 F.2d 218, 219, 220 (1st Cir. 1981); United States v. D'Alora, 585 F.2d 16 (1st Cir. 1978); United States v. Hopkinson, 492 F.2d 1041, 1043 (1st Cir. 1974).

In sum, we understand that the probative value of the three videos is substantially outweighed by the danger of unfair prejudice.  In the alternative, we request that this Honorable Court defer its determination and hold a hearing to determine whether these videos are admissible.

## B.  DEPOSITION TESTIMONY AS OPPOSING PARTY STATEMENTS

First of all, plaintiff states that he seeks to admit, as substantive evidence under *Rule 801(d)(2)(D) of the Federal Rules of Evidence,* the deposition testimony of a managerial employee, two nurses and two physicians.  The Court should note, however, that the Mr. Noel Vázquez Aviles, Mr. Johnny Adames Collazo, Mrs. Yoliris Vázquez Cora (employees of MGH), Dr. Victor Hernández Flores and Dr. Jose Rivera Rivera (physicians with privileges to provide medical treatment, but not employees of MGH) were all subpoenaed by the plaintiff to take their respective depositions.  MGH has never received a *Rule 30 (b)(6)*[3] deposition notice in the course of this case. Thus, MGH has never assigned corporate officers, directors or managing agents to testify on their behalf.

Plaintiff took the depositions of the non-party witnesses, and their depositions cannot be used as substantive evidence as these are not corporate officers, directors, managing agents or representatives designated under *Rule 30 (b)(6)* assigned to testify on MGH'S

---

[3] *Federal Rule of Civil Procedure 30(b)(6)* states: *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

behalf.   As non-party witnesses, what would be applicable with regards to their trial testimony, would be *Rule 32 (a)(4) of the Federal Rules of Civil Procedure*, which states:

(4) *Unavailable Witness.* A party may use for any purpose the deposition of a witness, whether or not a party, ***if the court finds:***

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

It is our understanding that plaintiff included these non-party witnesses as part of their witnesses and subpoenaed the same for trial.  It is also our understanding that none of the non-party witnesses are dead, live more than 100 miles from the location of the hearing, cannot attend or testify, or that there are any exceptional circumstances applicable.  In sum, there is insufficient basis to conclude that the deposition testimonies propounded were adoptive admissions.  *Rule 801(2)(d)* is not applicable, and the admission of the deposition testimony is subject to the Court's discretion.[4]

---

[4] Furthermore, MGH also objects to the admissibility under *Fed.R. Evid.801* (2) pursuant to the provisions of *Fed.R.Evid. 401, 402, 403, 602, 611, 701, 801, and 802*.  In the event that deposition testimonies are admitted and presented into evidence, MGH further reserves the right to timely present into evidence other recorded statements that in fairness ought to be considered at the same time in accordance with *Fed. R. Evid. 106.*

In other matters, if plaintiff understood that, through certain admissions there was no genuine dispute as to a material fact, she should have presented a *Motion for Summary Judgment* under *Fed.R.Civ.P. 56(a)*. There she could have identified any *"portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'"* in support of their motion. *Fed.R.Civ.P. 56(a)*. Motions in Limine are not Motions for Summary Judgment.

Finally, while a deposition testimony can be used to impeach the witness, it does not limit the testimony. These are matters that necessarily must be presented at trial so a jury can determine the credibility of the witnesses, as well as determine whether plaintiffs, through their expert witnesses, can prove their allegations of EMTALA violations as well as a departure from the standard of care, and that it was the proximate cause of the damages alleged. Plaintiff will have to sit each of her witnesses, including those they have subpoenaed, and rely on the determination of the Jury with regards to their credibility.

Finally, we find that using the video depositions in addition to the witness's testimony at trial would be improper as *Fed. Rule of Evid. 403* prohibits cumulative evidence. However, if the Court understands that the video depositions can be used, it should be noted that in the depositions in this case there were many instances where objections were raised, either with regards to the questions posed and the manner in which counsel acted towards the witness. We very respectfully understand that the objections stated in each deposition should be resolved before the Court grants permission to use the same before a jury.

### C.  MGH'S INSURANCE AND NON-PROFIT STATUS (DOCKET #124)

As indicated in the *Answer to the Complaint* and *Answer to Amended Complaint*, MGH is a non-profit organization, a fact that holds absolutely no bearing on the determination of the jury.  There is no evidence that the for profit or non-profit status of a corporate entity has affected or swayed a jury verdict in this jurisdiction.

Likewise, in Puerto Rico, there are no caps on awards.  As a defendant in the case, MedPro has the right to clarify that they respond up until the limits of the insurance policy of $1 million dollars.

Since plaintiff decided to include the insurance company, she should be well aware, since their *Answer to Complaint*, that this is a viable affirmative defense pertaining to the insurance company.

**WHEREFORE**, we very respectfully requested that this Honorable Court deny plaintiffs' *Motion in Limine* (Docket #123) and the *Supplemental In Limine Request* (Docket #124).  In the alternative, we request that this Honorable Court defer the final ruling and hold a hearing to discuss these matters.

**I HEREBY CERTIFY** that a true and exact copy of the foregoing has been filed electronically with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to all the attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of January 2020.

**s/Nuyen Marrero Bonilla**
Nuyen Marrero Bonilla
USDC-PR No. 219103

**SANCHEZ BETANCES, SIFRE**
**& MUÑOZ NOYA, P.S.C.**
P.O. Box 364428
San Juan, PR 00936-4428
Tel. (787) 756-7880 / Fax (787) 753-6580
Email: nmarrero@sbsmnlaw.com