**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Angélica González Berrios, et al,<br><br>**Plaintiffs**,<br><br>v.,<br><br>Mennonite General Hospital, Inc.<br><br>**Defendant and Third-Party Plaintiff**,<br><br>v.,<br><br>Triple-S Propiedad, Inc.<br><br>**Third-Party Defendant** | Civil No. **18cv01146 (RAM)** |

**THIRD-PARTY DEFENDANT TRIPLE-S PROPIEDAD, INC.'s OPPOSITION TO PLAINTIFFS' *IN LIMINE* MOTIONS AT DOCKETS ## 122 & 126**

**TO THE HONORABLE RAÚL M. ARIAS-MARXUACH, J.:**

   **COMES NOW** third-party defendant Triple-S Propiedad, Inc. ("Triple-S"), thru its undersigned attorneys and respectfully states and prays as follows:

**I. INTRODUCTION**

   1.   That on August 9, 2019, third-party plaintiff Menonnite General Hospital, Inc. ("the hospital") filed an amended third-party complaint. (ECF # 70)

   2.   That on October 23, 2019, Triple-S answered it and, amongst others, raised the following affirmative defense at ECF # 102:

> "10. Insurance policy HM-72001194, issued by Triple-S is bound by its terms, clauses, coverage period, conditions, exclusions and has a policy limit of $1,000,000 per medical incident/$3,000,000 aggregate."

3. That on January 13 and 15, 2020, plaintiffs filed a "Motion *In Limine* to Include and Exclude Evidence at Trial" and a "Second Supplemental *In Limine* Motion," which, in regard to Triple-S, seek to either exclude mention of the policy limits, and/or exclude it completely from being entered into evidence, thus further requesting exclusion of Triple-S's witness, Lester Duran ("Duran"), who would testify, amongst other purposes, to authenticate and identify it.

## II.  BRIEF DISCUSSION

4. That plaintiffs as a matter of law could not assert a claim against third-party defendant Triple-S because there is not an independent basis for federal jurisdiction for any claim that plaintiffs could have against Triple-S. *Owen Equipment & Erection Co. v. Kroger, 437 US 365, 98 S.Ct 2396, 57 L. Ed.2d 274 (1978)*.

5. Since plaintiffs cannot assert any claim against Triple-S, it follows that they do not have standing to request preclusion of the insurance policy it issued, which is relevant apropos of the amended third party complaint filed by the hospital against Triple-S, since the latter has to establish the limits that apply to the amended third-party complaint filed by the former;

otherwise, Triple-S could be at risk of paying an amount in excess of its policy limits if they are not established for the record.

6. In regard to plaintiffs' protestation that Durán was not included in Triple-S's Rule 26 Disclosures, Triple-S posits that his name was irrelevant and not discoverable to plaintiffs at that stage since they do not have a claim against Triple-S, thus it was only pertinent and discoverable in regard to the hospital, who is the third-party plaintiff, and in whose answer to amended third-party complaint the pertinent affirmative defense anent issuance of policy and limits were raised.  Furthermore, Duran's inclusion as a witness was corollary of plaintiffs' refusal to even stipulate the existence of the policy; thus, it became apparent the need for this testimony as consequence of plaintiff's refusal to stipulate its existence, or otherwise.

7. Moreover, plaintiffs citation regarding the issue of presenting limits of the insurance policy or its issuance, is flawed since all the cases cited from the last paragraph of page three (3) to the last paragraph of page four (4) suffer from the same defect: It is jurisprudence from states that do not have a direct cause of action against an insurance company as provided by the Insurance Code of Puerto Rico,[1] *e.g.* "[A] direct action against

---

[1] 26 L.P.R.A. § 2003

**§ 2003 Suits against insured, insurer**

an insurance carrier [is] not allowable under Alabama law because an injured party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured." *State Farm Mut. Auto. Ins. Co. v. Brown, 894 So. 2d 643, 648 (Ala. 2004)* (alteration in the original).  It is hornbook law, that in states were an insurance company cannot be sued directly or otherwise, the existence of the policy and its limits are irrelevant until a separate claim is file against the insurance company **once** judgment is entered.

8.   Indeed, by including only Triple-S as the third-party defendant, the contours of FRE 411, which is aimed at excluding

---

(1) Any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly. The direct action against the insurer may only be exercised in Puerto Rico. The liability of the insurer shall not exceed that provided for in the policy, and the court shall determine not only the liability of the insurer, but also the amount of the loss. Any action brought under this section shall be subject to the conditions of the policy or contract and to the defenses that may be pleaded by the insurer to the direct action instituted by the insured.
(2) In a direct action brought against the insurer by the person who suffered the damages, the former is barred from introducing those defenses of the insured based on the protection of the family unit or other similar immunities that are recognized in the legal system of Puerto Rico.
(3) If the injured party brings suit against the insured alone, it shall not be deemed to deprive him of the right, by subrogation to the rights of the insured under the policy, to maintain action against and recover from the insurer after securing final judgment against the insured.

§ 2003 Suits against insured, insurer, 26 L.P.R.A. § 2003

evidence that a person was or was not insured in order to prove whether he acted negligently or not. It would seem obvious to a jury that Triple-S is an insurance company and that it must have issued a policy to someone related to this case. Not allowing admission of the insurance policy and/or mention of its monetary limits, could lead a jury to incorrectly presume and determine that Triple-S are a bottomless source of compensation and indemnification. Thus, the potential for prejudice would be unfounded since "[t]he rationale behind the rule is the potential prejudice of the jury by the knowledge that the defendant is insured. 'Courts fear that the jury's knowledge of insurance might cause it to assume that any verdict which it renders against the defendant will be paid by a wealthy and impersonal insurance company.' 4 Rowland H. Long, *The Law of Liability Insurance,* § 25.04 (2004). '[S]uch evidence is excluded as being an invitation to the jury to share the resources of the insurer with the plaintiff, regardless of the merits of the case.' 1 Michael H. Graham, *Handbook of Federal Evidence,* § 411.1 (5th Ed.2001)." *Matosantos Commercial Corp. v. SCA Tissue N. Am., LLC., 369 F. Supp. 2d 191, 194, 67 Fed. R. Evid. Serv. 240, 2005 WL 1105197 (D.P.R. 2005)*

    9.    That as corollary of the aforementioned, it is respectfully requested from this Court to deny plaintiff's *in limine* motion in regard to Triple-S, thereby allowing admission as

- 5 -

evidence of the insurance policy issued by the latter and further allow the mentioning of its monetary limits within the context of the third amended complaint.

**WHEREFORE** it is respectfully requested from this Court, to grant this motion thereby denying plaintiffs' *in limine* motion as to Triple-S.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of January 20209.

**I HEREBY CERTIFY** that on even date the undersigned sent copy of the foregoing to all attorneys of record thru the CM/ECF System.

                                       **DELGADO & FERNÁNDEZ LLC**
                                       PO Box 11750
                                       Fernández Juncos Station
                                       San Juan, PR 00910-1750
                                       Tel. (787)274-1414
                                       Fax: (787)764-8241

                                       s/MIGUEL G. LAFFITTE, ESQ.
                                       USDC-PR-202309
                                       mlaffitte@delgadofernandez.com