IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGÉLICA M. GONZÁLEZ BERRIOS<br><br>**Plaintiff**<br><br>v.<br><br>MENNONITE GENERAL HOSPITAL, INC., et al.<br><br>**Defendants**<br><br>────────────────────<br><br>MENNONITE GENERAL HOSPITAL, INC., et. al.<br><br>**Third Party Plaintiffs**<br><br>v.<br><br>TRIPLE S PROPIEDAD, INC.<br><br>**Third Party Defendant** | **CIVIL NO.** 18-1146 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

**I.   BACKGROUND**

In March 2018, Plaintiff Angélica González-Berrios ("Plaintiff" or "González-Berrios") filed the present action against Mennonite General Hospital ("MGH" or "the Hospital"), Emergency Services Group, Inc. ("ESG"), and five (5) individual doctors, as well as their spouses and conjugal partnerships, when applicable. (Docket No. 4 ¶¶ 18, 24, 25, and 27). Plaintiff sought damages for alleged medical malpractice invoking the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. §

1395dd, and Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code. Id. ¶¶ 159, 169, 186, 199, 206, 215, 228, and 239. In the early stages of litigation, Plaintiff voluntarily dismissed her claims against ESG (*i.e. the* entity that operated the Hospital's emergency room) and the physicians. (Docket Nos. 14 and 21).

Meanwhile, MGH filed an *Amended Third-Party Complaint* against ESG and Triple-S Propiedad, Inc. ("Triple-S"), in its capacity as ESG's insurer. (Docket No. 70).[1] The Hospital posits therein that it is "entitled to recover from ESG or Triple S, as insurer for ESG, any amount of money that MGH may be obliged to pay plaintiffs for their alleged negligence malpractice[.]" Id. ¶ 37.

On February 4, 2020, after extensive settlement negotiations, Plaintiff reached a confidential settlement agreement with MGH before jury selection had commenced. (Docket No. 169). González-Berrios and MGH subsequently filed a *Joint Motion for Dismissal with Prejudice* which was promptly granted by the Court. (Docket Nos. 177 and 179). Accordingly, **all federal law claims in the case at bar have since been dismissed**.

However, pursuant to the terms of the settlement agreement, MGH assigned and transferred to Plaintiff:

---

[1] Throughout this litigation, ESG has been in bankruptcy. (Docket No. 104). It is worth noting that the Hospital also filed Third-Party Complaints against other entities that are no longer parties in the litigation. (Docket Nos. 16 and 18).

> [A]ll rights over all the claims asserted against Emergency Services Group, Inc. and Triple S Propiedad, Inc. as their insurer in […] the Amended Third Party Complaint (Docket #70), as well as those similarly filed in the state court proceedings currently pending against those same third-party defendants in <u>María Angelica Berrios Rodríguez v. Hospital General Menonita, Inc, et. al.</u>, Civil Number EDP2017-0263 (704).
>
> […]
>
> Thus, with this assignment, all appearing parties recognize that Plaintiff has the exclusive right to pursue the actions asserted by MGH against Emergency Services Group, Inc. and Triple S Propiedad, Inc, and, if the time comes to request payment or collect any and all amounts, it could be done directly between Plaintiff and Emergency Services Group, Inc. and Triple S Propiedad, Inc.

(Docket No. 176 ¶¶ 1, 3). **The assigned and transferred state law claims which were made in MGH's Third-Party Complaint against Triple-S are the only claims remaining before this Court.** (Docket Nos. 70, 185 and 191)

Thus, the Court ordered the parties to "show cause as to why the case should not be dismissed for lack of subject matter jurisdiction." (Docket No. 187). Plaintiff filed a *Motion in Compliance with Order to Show Cause* (Docket No. 209) and Triple-S filed a response in opposition (Docket No. 221) to which Plaintiff subsequently replied (Docket No. 229).

No trial date is currently scheduled due to the Covid-19 pandemic.

## II. APPLICABLE LAW

A District Court "may decline to exercise supplemental jurisdiction over a claim" if the court "**has dismissed all claims over which it has original jurisdiction**[.]" 28 U.S.C. § 1367(c)(3). In federal-question cases, the dismissal of a "foundational federal claim" does not automatically "deprive a federal court of authority to exercise supplemental jurisdiction over pendent state-law claims. Instead, **such a dismissal 'sets the stage for an exercise' of the district court's broad discretion**." Sexual Minorities Uganda v. Lively, 899 F.3d 24, 35 (1st Cir. 2018) (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996)) (internal citations omitted) (emphasis added). When exercising said broad and "informed discretion[,]" courts should engage in a "pragmatic and case-specific" analysis. Roche, 81 F. 3d, 256-57. While "[n]o categorical rule governs the analysis; a court must weigh concerns of comity, judicial economy, convenience, and fairness." Redondo Const. Corp. v. Izquierdo, 662 F.3d 42, 49 (1st Cir. 2011).

Notably, the First Circuit has cautioned that "when all federal claims have been dismissed, **it *is* an abuse of discretion for a district court to retain jurisdiction over the remaining pendent state law claims *unless* doing so would serve the interests of fairness, judicial economy, convenience, and comity**." Zell v. Ricci, 957 F.3d 1, 15 (1st Cir. 2020) (quoting Wilber v. Curtis,

872 F.3d 15, 23 (1st Cir. 2017)) (internal quotations omitted) (emphasis added). *See also* Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988) ("in the *usual* case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### III. DISCUSSION

All of Plaintiff's *personal* claims, including those under EMTALA, have been dismissed pursuant to her confidential settlement agreement with MGH. (Docket Nos. 177 and 179). Thus, the Court "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The sole remaining causes of action are MGH's Puerto Rico law claims against third-party defendant Triple-S, which pursuant to said settlement agreement, have since been transferred and assigned to Plaintiff. (Docket Nos. 176 and 185). After conducting the pragmatic and case-specific analysis required by First Circuit case law, the Court concludes that it should decline to exercise supplemental jurisdiction as to the pending state law claims for reasons set below.

MGH unequivocally assigned and transferred to Plaintiff "all rights over all claims" asserted against Triple-S *both* in the Amended-Third Party Complaint before this Court "as well as those similarly filed in the state court proceedings currently pending against those same third-party defendants in María Angelica

Berrios Rodríguez v. Hospital General Menonita, Inc, et. al., Civil Number EDP2017-0263 (704)." (Docket No. 176 ¶ 1).

Under the terms of the settlement agreement between Plaintiff and MGH, and in light of the Puerto Rico Supreme Court's Opinion in Szendrey v. Hospicare, MGH's proportionate share of liability to Plaintiff has been released and thus MGH will not pay any damages to Plaintiff in excess of its proportionate share if MGH and Triple-S' insured are found to be joint tortfeasors who produced Plaintiff's alleged damages. *See* Szendrey v. Hospicare, 158 D.P.R. 648 (2003). Accordingly, MGH should have no claim for contribution against Triple-S. If Plaintiff has a novel legal theory that sidesteps Szendrey's impact on the assigned claims, the task of evaluating it is best addressed by the Courts of the Commonwealth of Puerto Rico.

González-Berrios has shown that her claims against three physician-defendants in the state court action, *i.e.* María Angelica Berrios Rodríguez v. Hospital General Menonita, Inc, et. al., Civil Number EDP2017-0263 (704), have been dismissed. (Docket No. 213). This Court is not privy to the grounds for the dismissal and cannot discern its legal implications for this federal lawsuit, if any. Be that as it may, Plaintiff has neither accredited nor alleged that she is no longer a plaintiff in said case. (Docket No. 229 at 6). **Consolidating all pending Puerto Rico law claims in the state court proceeding would avoid inconsistent outcomes and**

Case 3:18-cv-01146-RAM   Document 242   Filed 03/10/21   Page 7 of 8

Civil No. 18-1146 (RAM)                                                    7

**unnecessary redundancy and would promote that any novel Puerto Rico issues posed by MGH's assignment of its claims against Triple-S or the dismissal of the claims against its insured are resolved by the Courts of the Commonwealth of Puerto Rico.**

Although presumably conducted in English, discovery obtained in the case at bar can be readily used in the Court of the Commonwealth of Puerto Rico, as Rule 8.7 of the Puerto Rico Rules of Civil Procedure provides that it is not necessary to translate documents originally in English. *See* 32 L.P.R.A. Ap. V, R. 8.8. Thus, there should be little to no need to redo any discovery that has already been conducted in furtherance of this federal case. This also militates against retaining jurisdiction.

The case has been pending for three years, but this fact in and of itself is insufficient to warrant extending supplemental jurisdiction. In Santana-Vargas v. Banco Santander Puerto Rico, the First Circuit found that the district court did not abuse its discretion in declining to exercise continued supplemental jurisdiction despite the fact that the litigation "was well beyond its nascent stages, having been pending for three years by the time it was dismissed[,] […] discovery was complete, presumably largely in English[,] [a]nd there is clearly some substantive overlap between the federal and Commonwealth claims." Santana-Vargas v. Banco Santander Puerto Rico, 948 F.3d 57, 62 (1st Cir. 2020). Here, as in Santana-Vargas, there is no trial date set. In

light of the settlement agreement and the nature of the remaining litigation, Triple-S should have the opportunity to develop applicable defenses, both contractual and otherwise. The particular procedural background of the case at bar, coupled with the pending action before a Puerto Rico Court, favor declining supplemental jurisdiction.

Lastly, any expense or inconvenience to Plaintiff caused from redoing trial preparation will stem *exclusively* from her informed decision to settle the federal claim with MGH, on what would have been the first day of trial, rather from this Opinion and Order.

## IV. CONCLUSION

Based on the foregoing, and in an exercise of its discretion, the Court hereby declines to extend supplemental jurisdiction to the remaining Puerto Rico law claims. Plaintiff's *Motion in Compliance with Order to Show Cause* at Docket No. 209 is **DENIED**. The Court shall retain jurisdiction *exclusively* over the confidential settlement agreement. (Docket No. 207).

Judgment of dismissal **without prejudice** regarding the Third-Party Complaint against Triple-S at Docket No. 70 shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 10th day of March 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge